1  JODY A. LANDRY, Bar No. 125743
   JEREMY A. ROTH, Bar No. 129007
2  LENA K. SIMS, Bar No. 212904
   LITTLER MENDELSON
3  A Professional Corporation
   501 W. Broadway, Suite 900
4  San Diego, CA  92101.3577
   Telephone:    619.232.0441
5  Fax No.:       619.232.4302

6  Attorneys for Defendant
   AMERICAN GENERAL FINANCE
7  MANAGEMENT CORPORATION

8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA  08 CV 1151 J AJB

11  JOE FINCH,                          │ Case No. _____
                                        │
12           Plaintiff,                 │ (San Diego Superior Court Case No. 37-2008-
                                        │ 00084364-CU-OE-CTL)
13      v.                              │
                                        │ **NOTICE TO FEDERAL COURT OF**
14  AMERICAN GENERAL FINANCE            │ **REMOVAL OF CIVIL ACTION FROM**
    MANAGEMENT CORPORATION, and         │ **STATE COURT PURSUANT TO 28 U.S.C.**
15  DOES 1 through 50 inclusive,        │ **SECTIONS 1332(d), 1441 AND 1446**
                                        │
16           Defendant.                 │ Class Action Fairness Act
                                        │
17                                      │ Complaint Filed:  May 22, 2008

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FILED

08 JUN 26  PM 4: 26

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ECL              DEPUTY

1  TO THE CLERK OF THE ABOVE ENTITLED COURT AND PLAINTIFF JOE FINCH AND

2  HIS ATTORNEYS OF RECORD:

3       PLEASE  TAKE  NOTICE  that  Defendant  AMERICAN  GENERAL  FINANCE

4  MANAGEMENT CORPORATION (hereinafter collectively "Defendant" or "AGF") hereby

5  removes the below referenced action from San Diego County Superior Court in the State of

6  California to the United States District Court for the Southern District of California. Removal is

7  based on 28 U.S.C. sections 1332(d) (the Class Action Fairness Act), 1441(b), and 1446 on the

8  following grounds:

9                        **STATEMENT OF JURISDICTION**

10      1.    This Court has original jurisdiction over this action under the Class Action Fairness

11 Act of 2005. *See* 28 U.S.C. section 1332(d).  In relevant part, the Class Action Fairness Act grants

12 district courts original jurisdiction over civil class actions filed under federal or state law in which

13 any member of a class of plaintiffs is a citizen of a state different from any defendant and where the

14 amount in controversy for the putative class members in the aggregate exceeds the sum or value of

15 $5,000,000, exclusive of interest and costs.  The Act authorizes removal of such actions pursuant to

16 28 U.S.C. section 1446.  As set below, this case meets all of the Class Action Fairness Act's

17 requirements for removal and is timely and properly removed by the filing of this Notice.

18                     **PLEADINGS, PROCESS, AND ORDERS**

19      2.    On May 28, 2008, Plaintiff JOE FINCH ("Plaintiff") served Defendant, through its

20 registered agent for service of process, with the Class Action Complaint he filed in the San Diego

21 County Superior Court in the State of California: Joe Finch vs. American General Finance

22 Management Corporation, and Does 1 through 50 inclusive, Case No. 37-2008-00084364-CU-OE-

23 CTL (hereinafter "the Complaint").  Plaintiff and the members of the putative class are alleged to

24 have been "mis-classified by defendants as 'exempt' managerial employees when, in fact, they were

25 'non-exempt' non-managerial employees according to California law." Complaint ¶ 11.

26      3.    Plaintiff's Complaint asserts four (4) causes of action: (1) Violation of Labor Code;

27 (2) Violation of Business & Professions Code section 17200 *et seq.*; (3) Failure to Provide Mandated

28 Meal Periods and Rest Periods; and (4) Failure to Make Payments Within the Required Time.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

2.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

4.    True and correct copies of the documents served on Defendant are attached hereto as follows:

     a.  The Complaint is attached hereto as Exhibit "A."

     b.  The Summons is attached hereto as Exhibit "B."

     c.  The Civil Case Cover Sheet is attached hereto as Exhibit "C."

5.    Attached hereto and incorporated herein by reference as Exhibit "D" is a true and correct copy of Defendants' Answer to Plaintiffs' Class Action Complaint, filed on June 26, 2008.

6.    No further proceedings related thereto have been heard in San Diego County Superior Court.

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

7.    Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d)(2),[1] as amended, provides in pertinent part as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . .
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

8.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d) and one that may be removed to this Court by Defendants pursuant to 28 U.S.C. sections 1441(b) and 1446.

## PURPORTED CLASS ACTION UNDER STATE LAW

9.    This action has been styled as a class action pursuant to California Code of Civil Procedure section 382.  Complaint ¶ 1.  California Code of Civil Procedure section 382 is a state statute authorizing an action to be brought by one or more representative persons as a class action.

---

[1]  While there are a number of exceptions to this new rule of original jurisdiction contained in amended 28 U.S.C. section 1332(d)(3)-(5), none of them is applicable to the instant action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF  REMOVAL OF CIVIL ACTION

## CITIZENSHIP

10.     During the entire course of his employment with Defendant, Plaintiff was employed in and worked in the State of California, and his last known address is in the state of California. Complaint ¶ 2. *See also* Declaration of Carrie Elliott ("Elliott Decl.") ¶ 2. Plaintiff is therefore a citizen of the State of California. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or he is domiciled).

11.     The Complaint alleges that the potential class is "All California based Branch Managers 1) [sic] who worked at any time during the four years preceding the filing of this Complaint up until the date of class certification for Defendants in the State of California." Complaint ¶ 12.

12.     Defendant was, at the time of the filing of this action, and remains a citizen of the State of Indiana, in that it was and continues to be a corporation incorporated under the laws of the State of Indiana with its principal place of business in Evansville, Indiana. Declaration of Linda Meredith ("Meredith Decl."), ¶ 2. 28 U.S.C. §§1332(a)(1), (c)(1), 1441(b).

13.     Defendants Does 1 through 50, inclusive, are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to Section 1441, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d 686, 690-91 (9th Cir. 1998).

14.     Accordingly, Plaintiff is a citizen of a state different from the Defendant.

## AMOUNT IN CONTROVERSY

15.     Plaintiffs' Complaint alleges that the "total damages for the entire case does not exceed $5,000,000.00." However, in his Prayer For Relief Plaintiff in no way limits the damages that he seeks to recover in this matter. Complaint, p. 15-17.[2] In fact, the Complaint seeks more than

---

[2] The Complaint does not allege a specific amount in controversy. When the amount in controversy is not facially apparent from the complaint a defendant is entitled to submit "summary judgment type evidence" for the Court's consideration in making a determination as to whether or not a Court has jurisdiction over a matter. <u>Singer v. State Farm Mutual Auto Insurance Company</u>, 116 F. 3d

4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1  damages and includes no limitation with respect to other amounts sought for such things as

2  attorney's fees and punitive damages.  As a result, the preponderance of the evidence test applies

3  with respect to establishing whether or not this case is removable.  Guglielmino v. McKee Foods

4  Corporation, 506 F.3d 696, 700-701 (9th Cir. 2007) (Court determined that it was appropriate to

5  apply the preponderance of the evidence test, not the legal certainty test, in determining the amount

6  in controversy for purposes of deciding a remand motion when the allegation in the jurisdiction

7  section of the Complaint stating that damages were below the jurisdictional limit was not repeated in

8  the prayer for relief.); Saulic v. Symantec Corporation, 2007 U.S. Dist. LEXIS 96640, * 4 (C.D.

9  December 26, 2007) ("[W]hen the amount in controversy is 'unclear and ambiguous' on the face of

10  the state court complaint, defendant must show by a 'preponderance of the evidence' that the amount

11  in controversy exceeds the jurisdictional limits.")  However, even if the "legal certainty" standard

12  applies Defendant may nevertheless exercise its statutory right of removal to federal court upon

13  showing to a legal certainty that the amount in controversy exceeds the jurisdictional minimum.

14  Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994 (9th Cir. 2007).[3]  Defendant satisfies

15  either standard.

16      16.    The Class Action Fairness Act authorizes the removal of class actions in which,

17  among other factors mentioned above, the amount in controversy for all class members exceeds five

18  million dollars ($5,000,000).  See 28 U.S.C. § 1332(d).  While Defendant denies Plaintiff's claims of

19  wrongdoing and denies his requests for relief thereon, the facial allegations in Plaintiff's Complaint

20  and the total amount of wages, penalties, attorneys' fees, injunctive relief, and other monetary relief

21  at issue in this action is in excess of this Court's jurisdictional minimum, Luckett v. Delta Airlines,

22  Inc., 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with

23  Plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied), calculated as

24  follows:

25

26

373, 376-377 (9th Cir. 1997).

27  [3]  In Lowdermilk the plaintiff plead in his complaint that the amount in controversy was less then

28  $5,000,000, and also specifically alleged in the prayer for relief that the amount in controversy was
less than $5,000,000.  Plaintiff did not do that in this case.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1    (a)    Plaintiff asserts claims for himself and the putative class for (1) Violation of Labor

2    Code; (2) Violation of Business & Professions Code section 17200 *et seq.*; (3) Failure to Provide

3    Mandated Meal Periods and Rest Periods; and (4) Failure to Make Payments Within the Required

4    Time. Complaint, *passim.*

5    (b)    Plaintiff asserts the relevant time period covering the claims at issue in this case is the

6    four-year period immediately preceding the filing of the state court action on May 22, 2008.

7    Complaint ¶ 22. So at a minimum the class period runs from approximately May 22, 2004 to the

8    time the Complaint was filed.[4]

9    (c)    Each of Plaintiff's claims derives from the allegation that Plaintiff and the putative

10   class members were mis-classified as exempt from overtime. Plaintiff specifically alleges that

11   "Plaintiff and the other members of the class were improperly and illegally mis-classified by

12   defendants as 'exempt' managerial employees when, in fact, they were 'non-exempt' non-

13   managerial employees according to California law." Complaint ¶ 11. "Plaintiff is informed and

14   believes and based on thereon alleges that *all class members* failed to meet the exemption

15   requirements of California law." Complaint ¶ 12.a (emphasis added). "The duties and

16   responsibilities of the Branch Managers at the defendants' locations were virtually identical from

17   region to region, district to district, employee to employee." Complaint ¶ 12.c.

18   (d)    Plaintiff alleges that "As a pattern and practice, also in violation of the

19   aforementioned labor laws and wage orders, defendants did not maintain any records pertaining to

20   when Branch Managers began and ended each work period, meal period, the total daily hours

21   worked, and the total hours worked per pay period and applicable rates of pay." Complaint ¶ 13.

22   Defendant denies Plaintiff's claims.

23   (e)    Plaintiff's first cause of action is styled "Violation of Labor Code." That cause of

24   action alleges violations of California Labor Code sections 500 *et seq.* and 1194 and California

25   Industrial Welfare Commission Wage Order 7-2001. Complaint ¶ 14. Plaintiff alleges that:

26

27

---

28   [4] Plaintiff clearly seeks damages beyond this time period which is addressed later in this petition. Complaint, ¶ 12.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

6.

1        Plaintiffs and *all members of the class* herein were *regularly*

2        *scheduled* as a matter of uniform company policy to work and in

3        fact worked as Branch Managers in excess of eight hours per

4        workday and/or in excess of forty hours per workweek without

5        receiving straight time or overtime compensation for such overtime

6        hours worked in violation of California Labor Code section 1194

7        and the applicable California Industrial Welfare Commission wage

8        order(s).

9  Complaint ¶ 11 (emphasis added). Plaintiff alleges that "[s]tatistically, one hundred percent of the

10  class members were paid on a salary basis with no overtime compensation paid for work

11  accomplished in excess of forty hours per week, or eight hours per day." Complaint ¶ 12.a.

12  Defendant denies Plaintiff's claim and has raised several defenses. Nevertheless, based on Plaintiff's

13  allegations the amount in controversy on this claim is $3,270,738.43. *See* Declaration of Jody A.

14  Landry ("Landry Decl.") ¶ 2.a; Elliott Decl., ¶ 4.a-g.[5] The Complaint specifically alleges that all

15  putative class members worked overtime "regularly" which is defined as "in accordance with

16  established procedure" or "habitual; regular". American Heritage Dictionary Of The English

17  Language (4th Ed. 2000). As such, it appears from the face of the Complaint that Plaintiff alleges

18  that each class member worked at least three overtime hours a week. This is a reasonable reading of

19  the allegation of "regularly". Faltaous v. Johnson and Johnson, 2007 WL 3256833 at* 8 and 9 (Nov.

20  5, 2007 D.N.J.) (in this case decided under the "legal certainty" standard the Court held that it is

21  reasonable to assume that a plaintiff is alleging three hours of overtime worked a week if he alleges a

22  "regular" violation).[6] When the Complaint alleges that Plaintiff and the putative class members

23  were "regularly scheduled as a matter of uniform company policy" to work in excess of eight hours a

24  day, Complaint ¶ 11, and further, that the number of hours of overtime worked cannot be

---

25  [5] That amount in controversy is calculated as follows: 140.6 [average number during the alleged

26  class period of Branch Managers working at any one time] x 3 [alleged overtime hours worked per week] x 208 [the number of workweeks at issue at the time the matter was filed] x $37.28 [one and

27  one-half times the average hourly rate of pay for Plaintiff].

[6] Pursuant to Rule 32.1(a) for the Federal Rules of Civil Procedure this case can be cited by

28  Defendant as authority.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

7.

1    substantiated by Defendant's own records, Complaint ¶ 13, then "the number of overtime hours

2    allegedly worked can only be estimated." Faltaous, 2007 WL 3256833, at *8 (holding that plaintiff

3    does not preclude defendant from exercising its statutory right to removal by alleging only that

4    overtime was "regularly" worked. . .[T]hree (3) hours of overtime per week is a reasonable reading"

5    of the allegation that class members 'regularly' worked overtime hours"). Id. at *9.

6         (f)    Plaintiff alleges on behalf of himself and the putative class claims for missed meal

7    and rest periods pursuant to California Labor Code sections 226.7(a) and 512, and Wage Order 7-

8    2001 sections 11(C) and 12(D). Complaint, ¶¶ 26-29. Plaintiff alleges that "defendants *routinely*

9    interrupted and/or failed to permit, authorize and/or provide Plaintiff's and Class members' meal and

10   rest breaks." Complaint ¶ 30. Plaintiff alleges that he and the putative class members are "entitled

11   to recovery under Cal. Lab. Code § 226.7(b) in the amount of one additional hour of pay at the

12   employee's regular rate of compensation for each work day that a meal or rest period was not

13   provided." Complaint ¶ 31. Section 226.7 and Wage Orders 7-2001 sections 11(C) and 12(D)

14   provide for one hour of additional pay for each workday that a meal period is not provided.

15   Defendant denies Plaintiff's claims and has raised various defenses to said claims. Nevertheless,

16   based on Plaintiff's allegations the amount in controversy on this claim is $2,180,199.84. Landry

17   Decl., ¶ 2.b; Elliott Decl., ¶ 4.a-g.[7] Plaintiff does not allege with any specificity how often violations

18   happened, but Plaintiff does allege that violations occurred "routinely". Plaintiff's allegation of

19   "routine" violations is sufficient to permit Defendant to demonstrate to a legal certainty that the

20   jurisdictional amount for removal is satisfied. Faltaous v. Johnson and Johnson, 2007 WL 3256833,

21   at *8 (Nov. 5, 2007 D.N.J.) (holding that plaintiff does not preclude defendant from exercising its

22   statutory right to removal by alleging a "regular" violation). The word "routinely" is a synonym of

23   "regularly" and also "usually". Roget's II: The New Thesaurus (3rd Ed. 2003). As such, it also is

24   defined as "in accord with established procedure" or "habitual; regular." American Heritage

25   ───────────────

     [7] That amount in controversy is calculated as follows: 140.6 [average number during the alleged
26   class period of Branch Managers working at any one time] x 3 [alleged missed meal periods per
     week] x 208 [the number of workweeks at issue at the time the action was filed] x $24.85 [average
27   hourly rate of pay for Plaintiff calculated by taking his average annual weekly base salary over the
     time period he held the branch manager position, dividing that average by 52 (weeks per year) and
28   dividing it by 40 (hours per week), as required by California Labor Code section 515(d)].

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

8.

1  Dictionary Of The English Language (4th Ed. 2000). For that reason it appears from the face of the

2  complaint that Plaintiff alleges that this happened at least three times per week. Three hours is a

3  reasonable reading of the allegation of a "routine" violation. Faltaous, *supra*.

4      (g)     Plaintiff alleges entitlement to waiting time penalties under California Labor Code

5  section 203 for members of the putative terminated subclass. Complaint, ¶¶ 32 *et seq.*. Labor Code

6  section 203 provides that wages continue at an employee's daily rate of pay until the final wages are

7  paid, or an action to recover them is commenced, up to a maximum of 30 days. Defendant denies

8  Plaintiff's claims and alleges several defenses. However, based on the allegations in the Complaint

9  that all members of the putative subclass were underpaid and are owed wages under section 203, the

10 amount in controversy on this claim is $453,332.40. Landry Decl., ¶ 2.c; Elliott Decl., ¶ 4a-g.[8]

11     (h)     Based on the amounts in controversy for wages allegedly owing and due

12 [$3,270,738.43]; the meal and/or rest period claim [$2,180,199.84]; and the claim for waiting time

13 penalties under Labor Code 203 [$453,332.40], the amount in controversy is already $5,904,270.67,

14 which is over the jurisdictional amount required for removal.

15     (i)     *In addition to the above*, Plaintiff alleges entitlement to punitive damages in

16 connection with his claims for meal and/or rest period violations in violation of Labor Code sections

17 226.7(a) and 512 and Industrial Welfare Commission Order Nos. 7-2001(11)(C) and/or 12(A).

18 Complaint, ¶ 25 *et seq.*, Prayer for Relief 4.e. Defendants deny Plaintiff's claims and specifically

19 deny that Plaintiff is entitled to punitive damages. Nonetheless, Plaintiff's allegations that he is

20 entitled to an award must be considered in determining the amount in controversy for the purpose of

21 establishing jurisdiction. See, e.g., Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238 (1943);

22 Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive

23 damages are part of the amount in controversy in a civil action").

24     (j)     Plaintiff also seeks reasonable attorneys' fees in his Complaint. He alleges on behalf

25 of himself and the putative class entitlement to an award to Plaintiff and the Class of reasonable

26 _____

27 [8] That amount is calculated as follows: 76 [number of employees in the putative subclass, *i.e.*, whose employment was terminated more than 30 days prior to the filing of the lawsuit] x 30

28 [number of days a waiting time penalty may be assessed] x $198.83 [average daily wage for Plaintiff during the time he held the position of branch manager].

9.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

1    attorneys' fees and costs pursuant to Labor Code sections 218.5 and 1194.  Complaint, Prayer for

2    Relief, ¶ 2.c and 4.d.  It is well settled that, in determining whether a complaint meets the amount in

3    controversy requirement, the Court should consider the aggregate value of claims for damages *as*

4    *well as* attorneys' fees.  *See, e.g.*, Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-1156 (9th Cir.

5    1998) (attorneys' fees may be taken into account to determine jurisdictional amounts).  In California,

6    where wage and hour class actions have settled prior to trial for millions of dollars, it is not

7    uncommon for an attorneys' fee award to be twenty-five to thirty percent of the settlement and, thus,

8    in excess of $1.4 million.[9]  Landry Decl. ¶ 2.d.

9         (k)     Plaintiff alleges that he seeks to recover damages through at least the time of the

10   Court's ruling on a motion for class certification.  Complaint, ¶ 11.  Defendant could have, but did

11   not, included the value of such future alleged damages in establishing that the amount in controversy

12   exceeds the jurisdictional threshold established by the Class Action Fairness Act.  Faltaous, 2007

13   WD 3256833 * ("damages accruing in the future are properly counted against the jurisdictional

14   amount if 'the right to future payments'" are sought in the complaint).  If the value of the future

15   alleged damages is considered the amount in controversy increases.

16        (l)     Furthermore, Plaintiff also seeks injunctive relief in his complaint.  Complaint, ¶ 24,

17   and the Prayer For Relief.  Defendant did not include a calculation of the value of the claim for

18   injunctive relief in establishing that the amount in controversy exceeds the jurisdictional threshold

19   establish by the Class Action Fairness Act.  If the value of this claim is considered the amount in

20   controversy further increases.

21        17.     Based on the foregoing, under the Class Action Fairness Act, Plaintiff's claims for

22   damages, penalties, attorneys' fees, and other monetary relief exceed the $5 million jurisdictional

23   limit of this Court, as required by 28 U.S.C. section 1332(d).

---

[9] *See* Abasi v. HCA, the Healthcare Co. Inc., C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving $4.75 million settlement for claims of unpaid overtime, meal and rest break periods; attorney's fee award totaling over $1.2 million); Countrywide Financial Corp., Los Angeles County Superior Court (April 2005) (preliminary approval given for $30 million settlement for alleged misclassification of approximately 400 account executives; attorney's fees award estimated at 25% or $7.5 million); *see also* Bell v. Farmers Insurance Exchange (July 2001)(jury awarded a class of 2,400 insurance claims adjusters a $90 million judgment for failure to pay overtime; court awarded attorney's fees totaling approximately $9.4 million).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

10.

18.    As a result, although Defendant denies Plaintiff's claims of wrongdoing and denies his requests for relief thereon, based upon the facial allegations in Plaintiff's Complaint the total amount of monetary relief sought by Plaintiff and the other class members is in excess of $5 million, exclusive of costs, plus attorneys' fees. Removal of this action under the Class Action Fairness Act is appropriate.

## TIMELINESS OF REMOVAL

19.    This Notice of Removal is timely in that it has been filed within thirty (30) days of Defendant be served with the Complaint, on May 28, 2008.

20.    The Class Action Fairness Act applies to actions that were "commenced" on or after on February 18, 2005. Because this action was filed on May 22, 2008, it was "commenced" after February 18, 2005, as required by the Class Action Fairness Act.

21.    Removal is proper under the Class Action Fairness Act.

## NOTICE TO PLAINTIFF

22.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be served on Plaintiff's counsel of record: Righetti Law Firm, P.C.. In addition, a copy of Notice of Removal will be filed with the Clerk of the Court for San Diego County Superior Court.

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the San Diego County Superior Court.

Dated: June **26**, 2008

Respectfully submitted,

_____
JODY A. LANDRY
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
AMERICAN GENERAL FINANCE
MANAGEMENT CORPORATION

Firmwide:85623626.1 038193.1074

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

11.

**EXHIBIT A**

ORIGINAL

1  MATTHEW RIGHETTI, ESQ.    {121012}
   JOHN GLUGOSKI, ESQ.       {191551}
2  RIGHETTI LAW FIRM, P.C.
   456 Montgomery Street, Suite 1400
3  San Francisco, CA 94104
   Telephone:   (415) 983-0900
4  Facsimile:   (415) 397-9005

5

6  Attorneys for Plaintiffs

7              SUPERIOR COURT OF CALIFORNIA

8                COUNTY OF SAN DIEGO

9

10  JOE FINCH,                          NO. 37-2008-00084364-CU-OE-CTL

11                                      CLASS ACTION

12          Plaintiff,
                                        COMPLAINT
13  vs.
                                        1.  Violation of Labor Code;
14                                      2.  Violation of B & P § 17200, et seq;
15  AMERICAN GENERAL FINANCE            3.  Failure to Provide Mandated Meal
    MANAGEMENT CORPORATION,                 Periods and Rest Breaks
16  and DOES 1 through 50 inclusive,    4.  Failure to Make Payments Within
                                            the Required Time
17          Defendants.
18  _____ /

19

20

21

22

23

24

25

26

27

28
                                    1

## FIRST CAUSE OF ACTION

COMES NOW, Plaintiff, Joc Finch (hereinafter "Plaintiff") an individual over the age of eighteen (18), and brings this challenge to defendants' lucrative, repressive and unlawful business practices on behalf of himself and a class of all others similarly situated and for a Cause of Action against defendants, AMERICAN GENERAL FINANCE MANAGEMENT CORPORATION (Hereinafter "Defendant") and DOES 1-50, inclusive, (hereinafter Defendants) and each of them alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

### 1.

This class action is brought pursuant to §382 of the California Code of Civil Procedure. The claims of individual class members, including Plaintiff, are under the $75,000 jurisdictional threshold for federal court. For example, a class member who was or has been employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000 or more. The total damages for the entire case does not exceed $5,000,000.00. In addition, there is no federal question at issue, as all the issues related to payment wages alleged herein are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code.

### 2.

Plaintiff was employed in California as a Branch Manager and has worked for Defendants within four years prior to the filing of this Complaint.

### 3.

Plaintiff brings this action against Defendants, for engaging in a uniform policy and systematic scheme of wage abuse against their salary paid employees in California. This scheme involved, inter alia, misclassifying the Branch Managers as "exempt" managerial/executive

2

1   employees for purposes of the payment of overtime compensation when, in fact, they were "non-
2   exempt" non-managerial employees according to California law.  Further, Defendants, denied the
3   Branch Managers mandated meal and rest breaks under California law. As a result of Defendants'
4   systematic and clandestine scheme the salaried store employees throughout California were not
5   paid all wages owed and were deprived of mandated meal periods and rest breaks. Accordingly,
6   Defendants, have violated California common and statutory laws as described more particularly
7   below.
8

9                                           **4.**

10      Defendants own/owned and operate/operated an industry, business and establishment
11  within the State of California, including San Diego County, for the purpose of making and
12  collecting on loans to customers under the name of AMERICAN GENERAL FINANCE.  As such,
13  and based upon all the facts and circumstances incident to defendants' business in California,
14  defendants are subject to California Labor Code Sections 1194, et seq., 500, et seq., California
15  Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable
16  wage order(s) issued by the Industrial Welfare Commission.  At least some of the acts complained
17  of herein occurred in San Diego County as defendants do business in the San Diego County area.
18  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned defendants
19  are and were corporations licensed to do business and actually doing business in the State of
20  California.
21

22                                          **5.**

23      At all times herein mentioned Plaintiff and the class identified herein worked for
24  defendants as Branch Managers at AMERICAN GENERAL FINANCE.  These positions are not
25  positions, which involve work falling within any exception to the above-referenced Labor Code
26
27
28

                                            3

sections, the Unfair Practices Act and/or California Industrial Welfare Commission orders applicable to defendants' business.

6.

Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

7.

At all times herein mentioned, each of said defendants participated in the doing of the acts hereinafter alleged to have been done by the named defendants; and furthermore, the defendants, and each of them, were the agents, servants and employees of each of the other defendants, as well as the agents of all defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

8.

At all times herein mentioned, defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

9.

At all times herein mentioned, the acts and omissions of various defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other defendants in proximately causing the injuries and damages as herein alleged.

4

COMPLAINT
[CLASS ACTION]

10.

At all times herein mentioned, defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the defendants, and each of them, aided and abetted the acts and omissions of each and all of the other defendants in proximately causing the damages as herein alleged. Further, at all times mentioned herein, the wage and hour related compensation policies of stores in California are and were dictated by, controlled by, and ratified by the defendants herein and each of them.

## FACTUAL ALLEGATIONS

11.

Plaintiff and all members of the class identified herein were regularly scheduled as a matter of uniform company policy to work and in fact worked as Branch Managers in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code Section 1194 and the applicable California Industrial Welfare Commission wage order(s). Plaintiff and the other members of the class were improperly and illegally mis-classified by defendants as "exempt" managerial employees when, in fact, they were "non-exempt" non-managerial employees according to California law. Plaintiff and the other members of the class have the right to be compensated by defendants at the appropriate compensatory wage rate for said work heretofore performed, consisting of the straight time rate plus the appropriate overtime premium as mandated by California law. Furthermore, Defendants failed to provide the Plaintiff and class members the required rest and meal periods during the relevant time period as required under the IWC Wage Orders and thus are entitled to any and all applicable penalties.

5

**12.**

This complaint is brought by Plaintiff pursuant to California Code of Civil Procedure section 382 on behalf of a class. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized under California law. The class is comprised of, and defined as:

> All California based Branch Managers 1) who worked at any time during the four years preceding the filing of this Complaint up until the date of class certification for Defendants in the State of California.

The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The members of the class are readily ascertainable by a review of defendants' records. Further, the subject matter of this action both as to factual matters and as to matters of law, are such that there are questions of law and fact common to the class which predominate over questions affecting only individual members including, among other things, the following:

a.   Statistically, one hundred percent of the class members were paid on a salary basis with no overtime compensation paid for work accomplished in excess of forty hours per week, or eight hours per day. Plaintiff is informed and believes and based thereon alleges that all class members failed to meet the exemption requirements of California law. Thus, Plaintiff and the class members were not exempt from the overtime requirements of California law for that reason;

b.   Defendants uniformly administered a corporate policy concerning both staffing levels and duties and responsibilities of the class members, which brought them outside of any of the applicable exemption for overtime under California law.

c.   The duties and responsibilities of the Branch Managers at the defendants' locations were virtually identical from region to region, district to district, employee to employee. Further, any variations in job activities between the different individuals in these positions are legally insignificant to the issues presented by this action since the central facts remain, to wit: whether the factors for overtime exemption were met. Further, these employees did not regularly exercise

6

discretion and independent judgment; these employees' work routinely included work in excess of 40 hours per week and/or 8 hours per day and they were not, and have never been, paid overtime compensation for their work. Furthermore, Defendants failed to provide Plaintiff and class members the required "off duty" rest and meal periods during the relevant time period as required under the IWC Wage Orders.

d.      Members of the class identified herein were discharged by defendants or voluntarily quit, and did not have a written contract for employment. The defendants, in violation of California Labor Code Sections 201, and 202, et seq., respectively, had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all such former employees. The defendants have willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, regular time, overtime, and other wages earned and remaining uncompensated according to amendment, or proof.

**13.**

As a pattern and practice, also in violation of the aforementioned labor laws and wage orders, defendants did not maintain any records pertaining to when Branch Managers began and ended each work period, meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

**14.**

There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the absent class members concerning whether defendants' regular business custom and practice of requiring substantial "overtime" work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was, in violation of California Labor Code Sections 1194 and 500, et seq., the Unfair Practices Act and the applicable California Industrial Welfare Commission wage orders.

7

Defendants' employment policies and practices wrongfully and illegally failed to compensate Branch Managers for substantial overtime compensation earned as required by California law. For instance, questions of fact and/or law common to the members of the aforesaid class -- which predominate over any questions which may affect only individual members -- are:

      i.     Whether defendants' California based Branch Managers were classified as "exempt" in violation of California law;

      ii.    Whether defendants uniformly failed to pay overtime wages to its Branch Managers by virtue of defendants' unlawful class wide designation of such employees as "exempt" in violation of California law;

      iii.   Whether Plaintiff and the class could waive the wage and hour laws designed for their benefit under California law and whether such waivers were voluntary, knowing and valid;

      iv.   Whether defendants' conduct constituted an illegal, or unfair, business practice in violation of California law;

      v.    Whether Plaintiff and the class are entitled to compensatory damages pursuant to the California Labor Code;

      vi.   Whether Plaintiff and the class are entitled to injunctive relief, including restitution and/or disgorgement of profits pursuant to California law.

      vii.   What is the correct computation formula for the payment of overtime in California?

      viii.  What work is customarily and regularly accomplished by class members in defendants' – and what category (exempt or non-exempt) does that work properly fall into?

      ix.   What are the realistic requirements of the Branch Manager positions?

8

COMPLAINT
[CLASS ACTION]

x.    What are the expectations of defendants vis-à-vis the class members job performance?

xi.    Who has the burden of proof on the exemption issue?

xii.    Can defendant rely on the "sole charge" or "primary duty" exemption standards applicable under federal law, or must defendants comply with California's more strict quantitative exemption standards?

xiii.    Whether Defendants failed to provide Plaintiff and class members rest and meal breaks in violation of California Labor Code and applicable IWC wage orders;

**15.**

The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff, as a representative party, will fairly and adequately protect the interests of the class by vigorously pursuing this suit through attorneys who are skilled and experienced in handling civil litigation of this type.

**16.**

The California Labor Code and wage order provisions upon which Plaintiff asserts these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual

9

Plaintiff with its vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

### 17.

The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (1) inconsistent or varying adjudications with respect to individual class members against the defendants and which would establish potentially incompatible standards of conduct for the defendants, and/or (2) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

### 18.

Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, willful penalties, reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code Section 1194, et seq.

10

**19.**

Proof of a common business practice or factual pattern, of which the named Plaintiff's experiences are representative, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

**20.**

The Plaintiff class is entitled in common to a specific fund with respect to the overtime compensation monies illegally and unfairly retained by defendants. The Plaintiff class is entitled in common to restitution and disgorgement of those funds being improperly withheld by defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

WHEREFORE, Plaintiff on his own behalf and on behalf of the members of the class, prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

COME NOW, Plaintiff, individually and on behalf of both the class and as a second, separate and distinct cause of action against defendants, and each of them, alleges as follows:

**21.**

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for relief regarding defendants' violations of Business and Professions Code 17200 et seq. (Unfair Practices Act).

**22.**

Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in Paragraphs 11 through 14, inclusive, to wit, by requiring their Branch Managers to perform the labor services complained

11

of herein without overtime compensation. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over defendants' competitors. Plaintiff -- and members of the class -- seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the defendants by means of the unfair practices complained of herein. Plaintiff seeks, on his own behalf and on behalf of the class, the appointment of a receiver, as necessary. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

23.

Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code section 17200, including those set forth in Paragraphs 11 through 14 herein thereby depriving Plaintiff and other members of the class minimum working condition standards and conditions due to them under the California labor laws and Industrial Welfare Commission wage orders as specifically described herein.

24.

Plaintiff, and all persons similarly situated, are further entitled to and do seek both a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining defendants from engaging in any of such business practices in the future. Such misconduct by defendants, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to all members of the class in that the defendants will continue to violate these California laws, represented by labor statutes and IWC Wage Orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain

12

compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## THIRD CAUSE OF ACTION

COME NOW, Plaintiff, individually and on behalf of a class and as a third, separate and distinct cause of action against defendants, and each of them, alleges as follows:

### 25.

Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

### 26.

Cal. Lab. Code §226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. "

### 27.

Industrial Welfare Commission Order No. 7-2001(11)(c) provides in relevant part, "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."

### 28.

Industrial Welfare Commission Order No. 7-2001 (12)(A) authorizes employees to take rest periods based on the total hours worked daily at the rate of ten minutes rest per four hours or major fraction thereof.

### 29.

Cal. Lab. Code Section 512, which provides in relevant part:

Meal periods

13

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

30.

As alleged herein, defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff's and Class members' meal and rest breaks. By these actions, defendants violated Cal. Lab. Code §226.7(a) and is liable to Plaintiff and the Class.

31.

As a result of the unlawful acts of defendants, Plaintiff and Class members have been deprived of meal and rest breaks, and are entitled to recovery under Cal. Lab. Code §226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work day that a meal or rest period was not provided.

WHEREFORE, Plaintiff on his own behalf and on behalf of the members of the class prays for judgment as follows:

**FOURTH CAUSE OF ACTION**
**(Failure to Make Payment Within the Required Time: California**
**Labor Code Sections 201, 202, 203, 226)**

32.

Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

14

COMPLAINT
[CLASS ACTION]

**33.**

California Labor Code Section 201 provides in relevant part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

**34.**

California Labor Code Section 202 provides in relevant part, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

**35.**

As alleged herein, Defendants failed to pay earned wages to Plaintiff and the Class who are former employees of Defendants at the time they became due and payable. Thus, Defendants violated Cal. Labor Code Sections 201 and 202. Accordingly, Plaintiff seeks recovery of waiting time penalties as provided under Labor Code Section 203.

WHEREFORE, Plaintiff on his own behalf and on behalf of the members of the class prays for judgment as follows:

    1.    Determining that this action may proceed and be maintained as a class action;

    2.    For the First Cause of Action:

        a.    A declaratory judgment that Defendants have violated Labor Code Sections 1194, 1194.2 and 1197;

        b.    An award to Plaintiff and the Classes of damages for the balance of unpaid compensation, including interest thereon, and penalties subject to proof;

        c.    An award to Plaintiff and the Classes of reasonable attorneys' fees and costs pursuant to Labor Code Section 1194;

        d.    Pursuant to Labor Code Section 218.6, an award of all accrued interest from the date that the wages were due and payable at the interest rate specified in subdivision (b) or Section 3289 of the Civil Code; and

3.     For the Second Cause of Action:

    a.   Ordering Defendants, their agents, servants and employees, and all persons acting, directly or indirectly, in concert with them, to restore and disgorge all funds to each member of the Class acquired by means of any act or practice declared by this Court to be unlawful, unfair and fraudulent and therefore constitute unfair competition under Section 17200 *et. seq.* of the Business and Professions Code;

    b.   For injunctive relief pursuant to Business and Professions Code Section 17203, consisting of *inter alia*: (1) a declaration that Defendants have engaged in unlawful and unfair and fraudulent business acts and practices in violation of California Business and Professions Code Section 17200 *et. seq.*; (2) a preliminary and/or permanent injunction enjoining Defendants and their respective successors, agents, servants, officers, directors, employees and all persons acting in concert with them from pursuing the policies, acts and practices complained of herein and prohibiting Defendants from continuing such acts of unfair and illegal business acts and practices; and

    c.   Restitution, including, but not limited to, the relief permitted by the California IWC Order Nos. 7-1997 through 7-2001 *et. seq.*

4.     For the Third Cause of Action:

    a.   A declaratory judgment that Defendants have violated Labor Code Sections 226.7, 512, and the IWC Order Nos. 7-1997 *et seq.* through 7-2001 *et seq.*;

    b.   Pursuant to Labor Code Section 226.7, an award to Plaintiff and the Class of an additional hour of pay at the rate of the employee's regular rate of compensate for each work day that a meal and/or rest break was not provided;

    c.   Pursuant to Labor Code Section 218.6, an award of all accrued interest from the date that the wages were due and payable at the interest rate specified in subdivision (b) or Section 3289 of the Civil Code; and

    d.   An award to Plaintiffs and the Class members of reasonable attorneys' fees and costs pursuant to Labor Code Section 218.5; and

    e.   For punitive damages.

5.     For the Fourth Cause of Action:

    a.   A declaratory judgment that Defendants have violated Labor Code Sections 201 and 202;

COMPLAINT
[CLASS ACTION]

b. An award to Plaintiff and the Classes who are former employees of continuing wages as a penalty from the due date thereof at the same rate until paid or until this action was commenced; but for no more that 30 days;

c. Pursuant to Labor Code Section 226, an award to Plaintiffs and the Class of actual damages as well as an award of costs and reasonable attorneys' fee; and

6.    Awarding Plaintiffs and the Class their attorneys' fees and costs of suit to the extent permitted by law; and

7.    All other relief as this Court may deem proper.


DATED:        May 20, 2008            RIGHETTI LAW FIRM, P.C.


                                      John Glugoski
                                      Counsel for Plaintiff
                                      and the Class

COMPLAINT
[CLASS ACTION]

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERICAN GENERAL FINANCE MANAGEMENT CORPORATION, and
DOES 1 through 50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOE FINCH

---

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
Clerk of the Superior Court

**MAY 2 2 2008**

BY: B. Follis,     Clerk

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Hall of Justice<br>330 West Broadway<br>San Diego, CA 92101<br>San Diego Superior Court | **CASE NUMBER:** 37-2008-00084364-CU-OE-CTL<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew Righetti                              (415) 983-0900   (415) 397-9005
John Glugoski
Righetti Law Firm, P.C. 456 Montgomery Street, Suite 1400
San Francisco, CA 94104

DATE: ~~May 20, 20008~~ **MAY 2 2 2008**        Clerk, by _B. Follis_, Deputy
*(Fecha)*                                *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]
SUPERIOR COURT SAN DIEGO COUNTY CA

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew Righetti (121012)<br>John Glugoski (191551)<br>Righetti Law Firm, P.C.<br>456 Montgomery Street, Suite 1400<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 983-0900    FAX NO.: (415) 397-9005<br>ATTORNEY FOR (Name): Joe Finch | :14<br><br>21 PM<br><br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME: Finch v. American General Finance
Management Corporation, and Does 1-50 Inclusive

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | 37-2008-00084364-CU-OE-CTL |
| | | | JUDGE: |
| | | | DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [x] Substantial amount of documentary evidence
   - d. [x] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   - a. [x] monetary    b. [ ] nonmonetary; declaratory or injunctive relief    c. [ ] punitive

4. Number of causes of action (specify):

5. This case [x] is [ ] is not a class action suit.

Date: May 20, 2008

Matthew Righetti (121012)
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19

1  JEREMY A. ROTH, Bar No. 129007
   JODY A. LANDRY, Bar No. 125743
2  LENA K. SIMS, Bar No. 212904
   LITTLER MENDELSON
3  A Professional Corporation
   501 W. Broadway, Suite 900
4  San Diego, CA 92101.3577
   Telephone:   619.232.0441
5  Fax No.:      619.232.4302

6  Attorneys for Defendant
   AMERICAN GENERAL FINANCE
7  MANAGEMENT CORPORATION

FILED
CIVIL BUSINESS OFFICE 10
GENERAL DIVISION

2008 JUN 26  A 11: 31

SUPERIOR COURT
SAN DIEGO COUNTY, CA

8

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                            COUNTY OF SAN DIEGO

11  JOE FINCH,                              Case No. 37-2008-00084364-CU-OE-CTL

12              Plaintiff,                  Judge:   Hon. John S. Meyer
                                            Dept.    C-61
13      v.
                                            **ANSWER TO COMPLAINT**
14  AMERICAN GENERAL FINANCE
    MANAGEMENT CORPORATION and DOES
15  1 through 50 inclusive,
                                            Complaint Filed:  May 21, 2008
16              Defendants.

17

18          Defendant American General Finance Management Corporation ("Defendant")

19  hereby answers the unverified Complaint filed by Plaintiff Joe Finch ("Plaintiff") as follows:

20                                   **I.**
                                **GENERAL DENIAL**

21          Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

22  Defendant denies generally and specifically each and every allegation contained in the Complaint.

23  In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the

24  manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or

25  absence thereof on the part of Defendant.

26  / / /

27  / / /

28  / / /

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego CA 92101.3577
619.232.0441

Firmwide:85608721.1 038193.1074                    1.

                            ANSWER TO COMPLAINT

## II.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members have failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the claims for additional compensation of any type fail as Plaintiff and the putative class members are exempt from California's overtime laws.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members have been paid and/or received all wages due to them by virtue of their employment.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that all or portions of the claims set forth in the Complaint are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340, 343, and California Business and Professions Code sections 16750.1 and 17208.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members were treated fairly and in good faith, and that all actions taken with regard to them were taken for lawful business reasons and in good faith.

LITTLER MENDELSON
a professional corporation
101 W. Broadway
Suite 600
San Diego, CA 92101 3577
619 232 0441

1

## SEVENTH AFFIRMATIVE DEFENSE

2      As a separate and distinct affirmative defense, Defendant alleges that any unlawful or

3  other wrongful acts of any person(s) employed by Defendant was outside of the scope of his or her

4  authority and such act(s), if any, were not authorized, ratified, or condoned by Defendant, nor did

5  Defendant know or have reason to be aware of such alleged conduct.

6

## EIGHTH AFFIRMATIVE DEFENSE

7      As a separate and distinct affirmative defense, Defendant alleges that any failure of

8  Plaintiff and the putative class members to take meal periods or rest breaks was the result of their

9  own exercise of discretion and independent judgment as they were provided with the opportunity to

10  take them.

11

## NINTH AFFIRMATIVE DEFENSE

12      As a separate and distinct affirmative defense, Defendant alleges that each purported

13  cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be

14  reduced, pursuant to the doctrine of avoidable consequences.

15

## TENTH AFFIRMATIVE DEFENSE

16      As a separate and distinct affirmative defense, Defendant alleges that the Complaint

17  and each cause of action set forth therein cannot be maintained because, without admitting that any

18  violation took place, Defendant alleges that any violation of the California Labor Code or of a Wage

19  Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in

20  any participation in such acts, Defendant had reasonable grounds for believing that the act or

21  omission was not a violation of the California Labor Code or any Wage Order of the Industrial

22  Welfare Commission.

23

## ELEVENTH AFFIRMATIVE DEFENSE

24      As a separate and distinct affirmative defense, Defendant alleges that assuming,

25  *arguendo*, that Plaintiff and the putative class members are entitled to additional compensation,

26  Defendant has not willfully or intentionally failed to pay any such additional compensation to

27  Plaintiff and the putative class members, to justify any awards of penalties or fees.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:85608721.1 038193.1074

3.

1

## TWELFTH AFFIRMATIVE DEFENSE

2       As a separate and distinct affirmative defense, Defendant alleges that the Complaint

3   and each cause of action set forth therein are barred because Plaintiff failed to timely and completely

4   exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to him

5   prior to commencing this action.

6

## THIRTEENTH AFFIRMATIVE DEFENSE

7       As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is

8   barred from obtaining relief pursuant to his cause of action for violation of California Business and

9   Professions Code section 17200, *et seq.* because California law does not permit representative

10  actions where liability can only be determined through fact-intensive individualized assessments of

11  alleged wage and hour violations.

12

## FOURTEENTH AFFIRMATIVE DEFENSE

13      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff lacks

14  standing to bring his claims as to all or a portion of the claims alleged in the Complaint.

15

## FIFTEENTH AFFIRMATIVE DEFENSE

16      As a separate and distinct affirmative defense, Defendant alleges that this suit may

17  not be properly maintained as a class action because: (1) Plaintiff has failed to plead, and cannot

18  establish the necessary procedural elements for class treatment; (2) a class action is not an

19  appropriate method for the fair and efficient adjudication of the claims described in the Complaint;

20  (3) common issues of fact or law do not predominate; to the contrary, individual issues predominate;

21  (4) Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Plaintiff

22  is not a proper class representative; (6) the named plaintiff and alleged putative class counsel are not

23  adequate representatives for the alleged putative class; (7) Plaintiff cannot satisfy any of the

24  requirements for class action treatment, and class action treatment is neither appropriate nor

25  constitutional; (8) there is not a well-defined community of interest in the questions of law or fact

26  affecting Plaintiff and the members of the alleged putative class; and (9) the alleged putative class is

27  not ascertainable, nor are its members identifiable.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 500
San Diego, CA 92101-3577
619.232.0441

Firmwide:85608721.1 038193.1074

4.

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2      As a separate and distinct affirmative defense, Defendant opposes class certification
3  and disputes the propriety of class treatment.  If the Court certifies a class in this case over
4  Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each
5  and every member of the certified class.

6

## SEVENTEENTH AFFIRMATIVE DEFENSE

7      As a separate and distinct affirmative defense, Defendant alleges that the adjudication
8  of the claims of the putative class through generalized classwide proof violates Defendant's right to
9  trial by jury guaranteed by the United States and California Constitutions.

10

## EIGHTEENTH AFFIRMATIVE DEFENSE

11      As a separate and distinct affirmative defense, Defendant alleges that, to the extent
12  that Plaintiff claims penalties, such claim must comport with the due process requirements of *State*
13  *Farm v. Campbell*, 538 U.S. 408 (2003).

14

## NINETEENTH AFFIRMATIVE DEFENSE

15      As a separate and distinct affirmative defense, Defendant alleges that the Complaint,
16  and each cause of action in the Complaint, or some of them, are barred because the Wage Orders of
17  the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate
18  Defendant's rights under the United States and California Constitutions to, among other things, due
19  process of law.

20

## TWENTIETH AFFIRMATIVE DEFENSE

21      As a separate and distinct affirmative defense, Defendant alleges that the prayer for
22  restitution, declaratory relief, and injunctive relief is barred with respect to any and all alleged
23  violations of California Business and Professions Code section 17200, *et seq.* that have discontinued,
24  ceased, and are not likely to recur.

25

## TWENTY-FIRST AFFIRMATIVE DEFENSE

26      As a separate and distinct affirmative defense, Defendant alleges that its business
27  actions or practices were not unfair, unlawful, fraudulent or deceptive within the meaning of
28  California Business and Professions Code section 17200, *et seq.*

1

### TWENTY-SECOND AFFIRMATIVE DEFENSE

2    As a separate and distinct affirmative defense, Defendant alleges that the Complaint

3 fails to properly state a claim for attorney's fees under California Code of Civil Procedure section

4 1021.5, California Labor Code sections 218.5, California Business and Professions Code section

5 17200, *et seq.*, or any other basis.

6

### TWENTY-THIRD AFFIRMATIVE DEFENSE

7    As a separate and distinct affirmative defense, Defendant alleges that the Complaint

8 fails to properly state a claim upon which punitive damages may be awarded.

9

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

10    As a separate and distinct affirmative defense, Defendant alleges that the Complaint

11 fails to properly state a claim for declaratory relief.

12

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

13    As a separate and distinct affirmative defense, Defendant alleges that the Complaint

14 fails to properly state a claim for injunctive relief.

15

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

16    As a separate and distinct affirmative defense, Defendant alleges that to the extent

17 Plaintiff and the putative class members recover penalties in this action, they cannot recover punitive

18 damages.

19

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

20    As a separate and distinct affirmative defense, Defendant allege that Plaintiff and the

21 putative class members are not entitled to equitable relief insofar as they have adequate remedies at

22 law.

23

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

24    As a separate and distinct affirmative defense, Defendant states it does not presently

25 know all facts concerning the conduct of Plaintiff and his claims sufficient to state all affirmative

26 defenses at this time.  Defendant will seek leave of this Court to amend this Answer should they later

27 discover facts demonstrating the existence of additional affirmative defenses.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:85608721.1 038193.1074                    6.

ANSWER TO COMPLAINT

### III.
### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment from this Court as follows:

1.   Plaintiff take nothing by this action;

2.   That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendant on each cause of action;

3.   That Defendant be awarded its attorneys' fees and costs of suit herein to the extent permitted under applicable law; and

4.   Such other and further relief as the Court deems appropriate and proper.

Dated: June 25, 2008

JODY A. LANDRY
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
AMERICAN GENERAL FINANCE
MANAGEMENT CORPORATION

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:85608721.1 038193.1074                    7.

ANSWER TO COMPLAINT

1   *Finch v. American General Finance Management Corporation*
    Superior Court, County of San Diego
2   Case No. 37-2008-00084364 CU OE CTL

3

4                          **DECLARATION OF SERVICE**

5
            I, MAXINE HORTON, declare:
6
            I am, and was at the time of service of the papers herein referred to, over the age of
7   18 years, and not a party to this action.  My business address is 501 West Broadway, Suite 900,
    San Diego, California 92101.
8
            On June 26, 2008, I served the following document(s):
9
    **ANSWER TO COMPLAINT**
10

11  on the parties in this action addressed as follows:

12  Matthew Righetti                          Attorneys for Plaintiff
    John Glugoski                             JOE FINCH
13  RIGHETTI LAW FIRM, P.C.
    456 Montgomery Street, Suite 1400
14  San Francisco, CA  94104
    Telephone: (415) 983-0900
15  Facsimile:  (415) 397-9005

16

17  **BY U.S. MAIL:**  I placed a true and correct copy of the above document(s) in a sealed envelope,
    addressed as indicated above.  I am readily familiar with the firm's practice of collection and
18  processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day
    in the ordinary course of business.  I am aware that on motion of party served, service is presumed
19  invalid if postal cancellation date or postage meter date is more than one day after date of deposit for
    mailing in affidavit.
20
            I declare under penalty of perjury under the laws of the State of California that the
21  foregoing is true and correct and that this declaration was executed on June 26, 2008 at San Diego,
    California.
22

23                                          *Maxine Horton*
                                            MAXINE HORTON
24
    Firmwide:85686135.1 038193.1074
25

26

27

28

---
                              DECLARATION OF SERVICE

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 152343      - TC
* * C O P Y * *
June 26, 2008
16:27:58

## Civ Fil Non-Pris
USAO #.: 08CV1151
Judge..: NAPOLEON A JONES, JR
Amount.:              $350.00 CK
Check#.: BC351178


Total-> $350.00


FROM: JOE FINCH
      VS
      AMERICAN GENERAL FINANCE

**JS 44** (Rev. 12/07) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JOE FINCH

**DEFENDANTS**
AMERICAN GENERAL FINANCE MANAGEMENT CORPORATION, et al.

**(b)** County of Residence of First Listed Plaintiff **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **SAN DIEGO**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matthew Righetti, Esq./John Glugoski, Esq.
Righetti Law Firm, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
(415) 983-0900

Attorneys (If Known)
Jody Landry, Esq./Lena K. Sims, Esq.
Littler Mendelson, P.C.
501 West Broadway, Suite 900
San Diego, CA 92101
(619) 232-0441

'08 CV 1151 J AJB

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT: 110 Insurance, 120 Marine, 130 Miller Act, 140 Negotiable Instrument, 150 Recovery of Overpayment & Enforcement of Judgment, 151 Medicare Act, 152 Recovery of Defaulted Student Loans (Excl. Veterans), 153 Recovery of Overpayment of Veteran's Benefits, 160 Stockholders' Suits, 190 Other Contract, 195 Contract Product Liability, 196 Franchise

REAL PROPERTY: 210 Land Condemnation, 220 Foreclosure, 230 Rent Lease & Ejectment, 240 Torts to Land, 245 Tort Product Liability, 290 All Other Real Property

TORTS — PERSONAL INJURY: 310 Airplane, 315 Airplane Product Liability, 320 Assault, Libel & Slander, 330 Federal Employers' Liability, 340 Marine, 345 Marine Product Liability, 350 Motor Vehicle, 355 Motor Vehicle Product Liability, 360 Other Personal Injury

PERSONAL INJURY: 362 Personal Injury—Med. Malpractice, 365 Personal Injury—Product Liability, 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: 370 Other Fraud, 371 Truth in Lending, 380 Other Personal Property Damage, 385 Property Damage Product Liability

CIVIL RIGHTS: 441 Voting, 442 Employment, 443 Housing/Accommodations, 444 Welfare, 445 Amer. w/Disabilities—Employment, 446 Amer. w/Disabilities—Other, 440 Other Civil Rights

PRISONER PETITIONS: ☒510 Motions to Vacate Sentence; Habeas Corpus: 530 General, 535 Death Penalty, 540 Mandamus & Other, 550 Civil Rights, 555 Prison Condition

FORFEITURE/PENALTY: 610 Agriculture, 620 Other Food & Drug, 625 Drug Related Seizure of Property 21 USC 881, 630 Liquor Laws, 640 R.R. & Truck, 650 Airline Regs., 660 Occupational Safety/Health, 690 Other

LABOR: 710 Fair Labor Standards Act, 720 Labor/Mgmt. Relations, 730 Labor/Mgmt. Reporting & Disclosure Act, 740 Railway Labor Act, ☒790 Other Labor Litigation, 791 Empl. Ret. Inc. Security Act

BANKRUPTCY: 422 Appeal 28 USC 158, 423 Withdrawal 28 USC 157

PROPERTY RIGHTS: 820 Copyrights, 830 Patent, 840 Trademark

SOCIAL SECURITY: 861 HIA (1395ff), 862 Black Lung (923), 863 DIWC/DIWW (405(g)), 864 SSID Title XVI, 865 RSI (405(g))

FEDERAL TAX SUITS: 870 Taxes (U.S. Plaintiff or Defendant), 871 IRS—Third Party 26 USC 7609

IMMIGRATION: 462 Naturalization Application, 463 Habeas Corpus—Alien Detainee, 465 Other Immigration Actions

OTHER STATUTES: 400 State Reapportionment, 410 Antitrust, 430 Banks and Banking, 450 Commerce, 460 Deportation, 470 Racketeer Influenced and Corrupt Organizations, 480 Consumer Credit, 490 Cable/Sat TV, 810 Selective Service, 850 Securities/Commodities/Exchange, 875 Customer Challenge 12 USC 3410, 890 Other Statutory Actions, 891 Agricultural Acts, 892 Economic Stabilization Act, 893 Environmental Matters, 894 Energy Allocation Act, 895 Freedom of Information Act, 900 Appeal of Fee Determination Under Equal Access to Justice, 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332(d), 1441 and 1446
Brief description of cause:
Failure to pay overtime in violation of California Labor Code due to alleged misclassification as "exempt" and failure to provide rest and/or meal periods.

American LegalNet, Inc.
www.FormsWorkflow.com

CR TAC # 152343 $350 6/26/08

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No |

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
| June 26, 2008 | Jody A. Landry |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com