1  JODY A. LANDRY, Bar No. 125743
   JEREMY A. ROTH, Bar No. 129007
2  LENA K. SIMS, Bar No. 212904
   LITTLER MENDELSON
3  A Professional Corporation
   501 W. Broadway, Suite 900
4  San Diego, CA 92101.3577
   Telephone: 619.232.0441

FILED

08 JUN 26 PM 4:26

CLERK, U.S. DISTRICT
SOUTHERN DISTRICT OF CALIF.

BY: ___ECL___ DEPUTY

6  Attorneys for Defendant
   AMERICAN GENERAL FINANCE
7  MANAGEMENT CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOE FINCH,

        Plaintiff,

v.

AMERICAN GENERAL FINANCE
MANAGEMENT CORPORATION and
DOES 1-50, inclusive,

        Defendant

Case No. 08 CV 1151 J AJB

(San Diego County Superior Court
Case No. 37-2008-0084364-CU-DE-CTL)

**DECLARATION OF JODY A. LANDRY IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332(d), 1441, and 1446**

Class Action Fairness Act

Action Filed: May 21, 2008

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

FIRMWIDE:85549637.1 038193.1074

I, JODY A. LANDRY, declare as follows:

1. I am an attorney at law, licensed to practice in the State of California and before this Court. I am a shareholder with the law firm of Littler Mendelson, a Professional Corporation, counsel of record for American General Finance Management Corporation ("Defendant" or "AGF") in this case and make this Declaration in support of Defendant's Removal of Action To Federal Court Pursuant to 28 U.S.C. sections 1332(d), 1441, and 1446. All of the information set forth herein is based on my personal and first hand knowledge except where indicated, and if called and sworn as a witness, I could and would competently testify thereto.

2. Based on my review of the information provided to me by AGF's Human Resources Manager in her "Declaration of Carrie Elliott In Support Of Notice of Removal of Action Pursuant To 28 U.S.C. sections 1332(d), 1441 and 1446," filed concurrently herewith, I calculate the amount in controversy as follows:

a. Plaintiff alleges entitlement to recompense for wages and overtime allegedly worked by Plaintiff and the putative class members. Plaintiff does not specifically allege how often this allegedly occurred, but he does allege that the Branch Managers were "regularly scheduled" to work "in excess of eight hours per workday and/or in excess of 40 hours per workweek without receiving straight time on overtime compensation." Complaint ¶ 5. The word "regularly" is defined as "in accord with established procedure" or "habitual; regular." American Heritage Dictionary Of The English Language (4th Ed. 2000). As such, it appears from the face of the complaint that Plaintiff alleges that each class member worked at least three overtime hours per week. Three hours is a reasonable reading of the allegation of a "regular" violation. <u>Faltaous v. Johnson and Johnson</u>, 2007 WL 3256833, at *8 (Nov. 5, 2007 D.N.J.) (holding that it is reasonable to assume that a plaintiff is alleging three hours of overtime worked a week if he alleges a "regular" violation and that plaintiff does not preclude defendant from exercising its statutory right to removal by alleging a "regular" violation as opposed to providing a specific number). Using the definition of "regularly" set forth above it appears from the face of the Complaint that Plaintiff alleges that a Branch Manager worked uncompensated overtime either every day or every week that she or he worked. As a result the amount in controversy for this claim is estimated to be $3,270,738.43. That amount in

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

DECLARATION OF JODY A. LANDRY        2.        Case No. _____
FIRMWIDE:85549637.1 038193.1074

controversy is calculated as follows: 140.6 [average number during the alleged class period of Branch Managers working at any one time] x 3 [alleged overtime hours worked per week] x 208 [the number of workweeks at issue at the time the matter was filed] x $37.28 [one and one-half times the average hourly rate of pay for Plaintiff].

       b.    Plaintiff alleges claims for missed meal periods and rest breaks pursuant to California Labor Code sections 226.7 and 512 and Wage Order 4-2001 section 11(C) and 12(D). Complaint ¶¶ 26 *et seq.*. Section 226.7 and 512 and sections 11(C) and 12(D) provide for one hour of additional pay for each workday that a meal and/or rest period is not provided. Plaintiff does not allege with any specificity how often violations happened, but Plaintiff does allege that violations occurred "routinely". Plaintiff's allegation of "routine" violations is sufficient to permit Defendant to demonstrate to a legal certainty that the jurisdictional amount for removal is satisfied. <u>Faltaous v. Johnson and Johnson</u>, 2007 WL 3256833, at *8 (Nov. 5, 2007 D.N.J.) (holding that plaintiff does not preclude defendant from exercising its statutory right to removal by alleging a "regular" violation). The word "routinely" is a synonym of "regularly" and also "usually". Roget's II: The New Thesaurus (3rd Ed. 2003). As such it also is defined as "in accord with established procedure" or "habitual; regular." American Heritage Dictionary Of The English Language (4th Ed. 2000). For that reason it appears from the face of the complaint that Plaintiff alleges that this happened at least three times per week. Three hours is a reasonable reading of the allegation of a "routine" violation. <u>Faltaous</u>, *supra*. As a result the amount in controversy for this claim is estimated to be $2,180,199.84. That amount in controversy is calculated as follows: 140.6 [average number during the alleged class period of Branch Managers working at any one time] x 3 [alleged missed meal periods per week] x 208 [the number of workweeks at issue at the time the action was filed] x $24.85 [average hourly rate of pay for Plaintiff calculated by taking his average annual weekly base salary over the time period he held the branch manager position, dividing that average by 52 (weeks per year) and dividing it by 40 (hours per week), as required by California Labor Code section 515(d)].

       c..    Plaintiff alleges entitlement to waiting time penalties under California Labor Code section 203 for members of the putative terminated subclass. Complaint ¶¶ 14-15. Labor Code section 203 provides that wages continue at an employee's daily rate of pay until the final

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

DECLARATION OF JODY A. LANDRY
FIRMWIDE:85549637.1 038193.1074   3.   Case No. _____

wages are paid, or an action to recover them is commenced, up to a maximum of 30 days. Based on Plaintiff's allegation that this occurred for each putative subclass member who no longer works for AGF, then the amount in controversy on this claim is $453,332.40. That amount is calculated as follows: 76 [number of employees in the putative subclass, *i.e.*, whose employment was terminated more than 30 days prior to the filing of the lawsuit] x 30 [number of days a waiting time penalty may be assessed] x $198.83 [average daily wage for Plaintiff during the time he held the position of branch manager].

        d.     Plaintiff alleges an entitlement to attorney's fees with respect to all claims in this matter. It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees. *See, e.g.*, Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238 (1943); Goldberg v. CPC. International, Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts). In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be twenty-five percent of the settlement and, thus, in excess of $1,476,067.67 (25% of the above amounts excluding interest).[1]

        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        Dated this 26th day of June 2008, at San Diego, California.

*/s/ Jody A. Landry*
JODY A. LANDRY

---

[1] *See* Abasi v. HCA, the Healthcare Co. Inc., C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving $4.75 million settlement for claims of unpaid overtime, meal and rest break periods; attorney's fee award totaling over $1.2 million); Countrywide Financial Corp., Los Angeles County Superior Court (April 2005) (preliminary approval given for $30 million settlement for alleged misclassification of approximately 400 account executives; attorney's fees award estimated at 25% or $7.5 million); *see also* Bell v. Farmers Insurance Exchange (July 2001)(jury awarded a class of 2,400 insurance claims adjusters a $90 million judgment for failure to pay overtime; court awarded attorney's fees totaling approximately $9.4 million).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

DECLARATION OF JODY A. LANDRY
FIRMWIDE:85549637.1 038193.1074    4.    Case No. _____