UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE FINCH,<br><br>　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>AMERICAN GENERAL FINANCE MANAGEMENT CORPORATION, and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 08cv1151-LAB (AJB)<br><br>**ORDER DENYING MOTION TO STAY ACTION AND ORDER RE: CLASS CLAIMS** |

   Pending before the Court is Plaintiff Joe Finch's motion to stay his lawsuit, pending resolution of a separate arbitration proceeding filed by James Rupp against the same defendant. The lawsuit is (at present) a putative class action where the class of plaintiffs includes "All California based Branch Managers who worked at any time during the four years" for Defendants before Finch filed the Complaint and "up until the date of class certification." (Compl., ¶12.)

**I.   Facts and Procedural History**

   Finch worked as a Branch Manager for Defendant American General Finance Management Corp. (AGF), a consumer financing company. Although California labor laws typically require employers to pay overtime and require rest and meal breaks, employees may be exempt under certain circumstances. Cal. Lab. Code §§ 510, 1194; 8 Cal. Code

Reg. §11070. According to the Complaint, AGF wrongfully classified Finch and other Branch Managers as "exempt" employees, and thus failed to pay him and all other Branch Managers overtime as required by law. (Compl. at 2-3, ¶3.) Further, AGF may be liable because it did not permit the Bank Managers to take rest or meal breaks. *(Id.)*

When they were hired, all potential class members agreed to an Employment Dispute Resolution Program, which "is intended to create an exclusive, procedural mechanism fo the final resolution of all disputes falling within its terms." (Doc. No. 19-2, Ex. 1 at 1.) The agreement states that all disputes "shall be finally and conclusively resolved through arbitration under the Program, which provides the exclusive, final and binding method by which Disputes are resolved." (*Id*. at 3.) Further, "[e]ach Dispute shall be arbitrated on an individual basis," and neither party "may pursue any Dispute on a class action . . . basis." *(Id.)*

Despite these provisions in the Dispute Resolution Program, Finch filed the Complaint on May 28, 2008 in California Superior Court. (Doc. No. 1, Ex. A.) On June 26, 2008, AGF removed the lawsuit to the federal court, establishing jurisdiction under 28 U.S.C. § 1332(d), the Class Action Fairness Act (CAFA). (Doc. No. 1.) AGF did not seek to enforce the arbitration provision. The parties began discovery, and the Court set January 18, 2010 as the deadline to file the class certification; to date, Finch has not filed for certification.

Meanwhile, another Branch Manager, James Rupp, sought arbitration for similar claims under the Employment Dispute Resolution Program. The same law firm represents both Rupp and Finch in these parallel proceedings. Rupp seeks to represent a class of Branch Managers through the arbitration process, despite the provision in the Employment Dispute Resolution Program. Finch now seeks to stay his lawsuit, presumably to join the class of Branch Managers in the arbitration proceeding. Finch claims to have discovered the arbitration provision only recently which is why he did not seek arbitration in the first place. (Doc. No. 19 at 3). On March 1, 2010, Finch filed this motion to stay the lawsuit pending resolution of the class certification question in the Rupp arbitration. The motion is heavily briefed, and the briefing includes the motion, an opposition, a reply, and a sur-reply.

**II.    Discussion**

***A.    Motion to Stay***

Finch first argues that 9 U.S.C. § 3 requires the Court to stay the lawsuit. This statute requires a court to stay an action if "any issue [is] referable to arbitration under a written arbitration agreement," but only if the Court is "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3. He argues that because the class certification issue in the Rupp arbitration is practically identical to the class certification in his lawsuit, he has an interest in the Rupp arbitration and "it makes sense to allow that proceeding to run its course." (Doc. No. 19 at 5.)

AGF argues, in response, that Finch has no interest in the Rupp arbitration because "Section 3 has no application to 'issues' in cases between different parties." (Doc. No. 21 at 8 (internal citations removed).) That is, 9 U.S.C. § 3 would only apply if Finch were seeking arbitration, but he is not; rather, he wants to wait and see if Rupp's request to represent a class of Branch Managers is granted. It is possible to construe Finch as a party to the Rupp arbitration because Finch may be included in the potential class (if the class is, in fact, certified). Nothing the parties have filed shows whether the arbitrator has yet ruled on whether to certify the class. If the arbitrator has denied class certification, then Finch's motion must be denied because there is no possibility he could join Rupp's arbitration proceeding. And if at some point the arbitrator grants class certification and circumstances change, Finch is not foreclosed from seeking a stay a second time.

AGF also argues that Finch waived his right to arbitrate. To show that Finch waived his contractual right to arbitrate, AGF must prove "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *AT&T Corp. v. Vision One Security Sys.*, 914 F. Supp. 392, 395-96 (S.D. Cal. 1995) (*quoting Britton v. Co-Op Banking Group*, 916, F.2d 1405, 1412 (9th Cir. 1990)). AGF points out that Finch knew about his right to arbitrate when he signed the Employment Dispute Resolution Program in 2001, and he was reminded of his right to arbitrate when AGF produced a copy of the Program on June

2009. (Doc. No. 21 at 4.) Then, from June 2009 through October 2009, Finch made no requests to arbitrate his claims and instead continued discovery. (*Id.* at 6.) By continuing to pursue discovery in the district court and failing to request arbitration for at least one and a half years, Finch was taking actions inconsistent with his right to arbitrate, despite his knowledge of that right. *See Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1989) (plaintiff waived its right to compel arbitration by pursing discovery for two years before requesting arbitration). As a result, AGF was adversely affected because it had to comply with extensive discovery, rather than beginning the arbitration process sooner. *See id.* (finding prejudice to the party opposing the motion to stay because the moving party failed to invoke its right to arbitration for 2 years).

Finch urges the Court to reject this argument, because "the issue has not been briefed by either party before this . . . Court. Therefore, it would not be appropriate to deny Plaintiff's request for a stay on [these] grounds." (Doc. No. 22 at 4.) But AGF did brief the issue, at length, in its response to Finch's motion to stay. The only reason the issue is not fully briefed is because Finch didn't respond. Finch didn't deny his knowledge of the Employment Dispute Resolution Program nor did he offer alternative arguments why he has not waived his right to arbitrate. In any case, the Court prefers to know whether a class has been certified in the Rupp arbitration before deciding whether Finch waived his right to arbitration.

Finch's second argument is that the Court should choose to stay the lawsuit "under a discretionary standard of review," even if the Court is not required to do so under 9 U.S.C. § 3. (Doc. No. 19 at 2.) Finch, as the moving party, has the burden of establishing the need for a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Finch argues that granting the stay will conserve judicial resources because it "will obviate later arguments about whether the trial court has jurisdiction to rule over these claims." (Doc. No. 19 at 5.) Finch, however, makes this exact argument in his reply brief, forcing the Court to deal with the issue now. In any event, without an update on the Rupp arbitration the Court will not exercise its discretion to stay this action.

### B.     Jurisdiction

Finch, in a very conclusory fashion in his reply brief, argues that this Court no longer has jurisdiction over his individual claims because he is no longer pursuing class certification. What he means, apparently, is that he failed to move for class certification when ordered to do so and does not now intend to remedy his default. Even if this argument were correct, the remedy would be remand, not a stay.

Post-removal amendments do not deprive the Court of jurisdiction. *Williams v. Costco Wholesale Corp*, 471 F.3d 975, 976 (9th Cir.2006) ("We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court.") The Ninth Circuit, relying on this general principle, recently held that a district court does not lose jurisdiction under CAFA when class certification is denied in a removed putative class action. *United Steel, Paper & Forestry v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010).

### III.     Conclusion

The Motion to Stay is **DENIED WITHOUT PREJUDICE**. If because of developments in the arbitration proceeding either or both parties wish to seek a stay in the future they are not precluded from doing so. Finch is **ORDERED** to file a notice updating the Court on the Rupp arbitration proceeding.

The Court accepts Finch's representation that he intends to pursue his own claims only, and not to seek class certification. He is therefore **ORDERED** to file an amended complaint within 14 calendar days of the date this order is issued, omitting class allegations.

DATED:  November 8, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge